IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 27  PM 4: 0

ROBERT R. DI ____LIO
CLERK, U.S. D___ CT.
W.D. OF TN, MEMPHIS

| | | | |
|---|---|---|---|
| RORY ALLLEN GREGORY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | 04-2628 MaV |
| | ) | | |
| GARY AARON, et al., | ) | | |
| | ) | | |
| Defendant. | ) | | |

COMBINED ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER
(Doc. No. 27)
and
ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT
(Doc. No. 31)
and
ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PERSON BEFORE
WHOM DEPOSITION MAY BE TAKEN AS MOOT
(Doc. No. 35)

Before the court is the May 2, 2005 motion of the defendants,

Gary Aaron, Joyce Anderson, and Nahem Naimey, pursuant to Federal

Rule of Civil Procedure 26(c)(1) for a protective order relieving

them from the obligation of responding to the plaintiff's discovery

requests.   The motion has been referred to the United States

Magistrate Judge for determination.  For the following reasons, the

motion for protective order is granted.  In accordance with this

order, plaintiff's motion to compel defendant Anderson to comply

with the scheduling order is denied as moot. Furthermore,

plaintiff's motion for appointment of person before whom deposition

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

46

may be taken is denied as moot.

## BACKGROUND

On August 9, 2004, the plaintiff, Rory Allen Gregory, filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The defendants moved for dismissal of the lawsuit on February 14, 2005, and the motion is still pending. On April 8, 2005, Gregory served interrogatories and requests for production of documents on Anderson. On April 14, 2005, Anderson filed a motion for protective order claiming that she should not have to respond to discovery requests in part because she had asserted the defense of qualified immunity in the motion to dismiss. The court denied the motion without prejudice on May 9, 2005, allowing Anderson the opportunity to renew her motion with citation to legal authority that supports her position that discovery should not be had until after the court has ruled on the motion to dismiss and/or resolved the issue of qualified immunity.

On May 2, 2005, the remaining defendants, including Anderson, filed the present motion for protective order asserting in substance the same arguments that Anderson had made in her motion for protective order. The renewed motion, however, cites legal authority that supports the position that discovery should not be had until the question of qualified immunity has been determined. Gregory has not filed a response to this motion and the time for

responding has expired.

## ANALYSIS

Pursuant to Local Rule 7.2(a)(2), responses to motions in civil cases are to be filed within fifteen days after service of the motion. Gregory has not filed a response to this motion, and the time for responding has now expired. Rule 7.2(a)(2) further provides that "[f]ailure to respond timely to any motion, other than one for requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." In the absence of any response by Gregory, the defendants' motion for protective order is granted.

Alternatively, the protective order should be granted based on the merits of the motion. Pursuant to Federal Rule of Civil Procedure 26(c), a court may, at its discretion, enter any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Rolex Watch U.S.A., Inc., v. Crowley*, 74 F.3d 716, 721-22 (6th Cir. 1996). In the case where a defendant has asserted a qualified immunity defense, the Sixth Circuit has explicitly held that discovery should not proceed until the court has disposed of the qualified immunity issue. *Wallin v. Norman*, 317 F.3d 558 (6th Cir. 2003); *Skousen v. Brighton High School*, 305 F.3d 520 (6th Cir. 2002).

The scope of protection afforded by the qualified immunity

3

doctrine was discussed by the Supreme Court in *Behrens v. Pelletier,* 516 U.S.299 (1996).  The Court stated:

> [T]he defense is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . .., as '[i]nquiries of this kind can be peculiarly disruptive of effective government.

*Behrens*, U.S. at 308 (*quoting Mitchell v. Forsyth*, 472 U.S. 511 (1985)).  To avoid harassing pre-trial litigation, which necessarily includes the time and expense associated with discovery, "the determination of qualified immunity must be made at an early stage in the litigation." *Vaughn v. United States Small Business Administration,* 65 F.3d 1322 (6th Cir. 1995).

Indeed, the Supreme Court has held that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  The Court has noted that an early ruling on qualified immunity is essential to protect the government from the burden of needless litigation:

> Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits. One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.

*Siegert v. Gilley*, 500 U.S. 226 (1991).  Thus, discovery may only proceed on a determination that a defendant does not satisfy the

4

criteria for asserting the qualified immunity defense.

In this case, there is a motion to dismiss, or alternatively, a motion for summary judgment pending. The defendants have asserted in their motion to dismiss and through supplemental pleadings that they should be immune from suit based on the qualified immunity doctrine. Pursuant to existing law, the defendants contend that they should be shielded from the burden of pre-trial discovery until their assertion of qualified immunity has been determined by the court.

The court agrees with the defendants' position. Accordingly, discovery will commence only upon the finding that the defendants are not immune from suit based on the qualified immunity doctrine.

<u>CONCLUSION</u>

In this case, the defendants have relied upon the defense of qualified immunity in their pending motion to dismiss. In accordance with prevailing law, discovery shall not proceed until the court determines whether the defendants assertion of qualified immunity is valid.

Subsequent to the filing of this motion, Gregory filed a motion to compel Anderson to respond to interrogatories served on April 8, 2005, (Doc No. 31). Also, Gregory filed a motion for appointment of a person before whom deposition may be taken, (Doc. No. 35). As these motions pertain to discovery, they are rendered

moot in accordance with the court's ruling that discovery shall be stayed until the court has made an inquiry into the defendant's claim of qualified immunity.

IT IS SO ORDERED this 27th day of June, 2005.

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 2:04-CV-02628 was distributed by fax, mail, or direct printing on June 29, 2005 to the parties listed.

---

Rory Allen Gregory
FCI-MEMPHIS
36628-079
P.O. Box 34550
Memphis, TN 38184--055

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT